UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
STATESVILLE DIVISION
No. _____

| | |
|---|---|
| SCOTT CARLTON, THOMAS CARLTON and WIFE, CYNTHIA CARLTON,<br><br>    Plaintiffs,<br><br>vs.<br><br>CAPITAL BANK CORPORATION f/k/a COMMUNITYONE BANK, N.A.,<br><br>    Defendant. | **NOTICE OF REMOVAL** |

First Tennessee Bank National Association, successor by merger to Capital Bank Corporation, successor by merger to CommunityOne Bank, N.A., ("First Tennessee") hereby files this notice of removal of civil action based on this Court's diversity jurisdiction and pursuant to 28 U.S.C. §§ 1332, 1441, and 1446. In support of this removal, First Tennessee states the following:

## **FIRST TENNESSEE IS THE REAL PARTY DEFENDANT IN INTEREST**

1. On April 20, 2018, Plaintiffs commenced this action by filing a complaint and having the Court issue a summons naming as defendant "Capital Bank Corporation f/k/a CommunityOne Bank, N.A." in the Iredell County Superior Court. The complaint was assigned file number 18-CVS-972 and is styled *Scott Carlton, Thomas Carlton and Wife, Cynthia Carlton vs. Capital Bank Corporation f/k/a CommunityOne Bank, N.A.*

2. The complaint names Capital Bank Corporation ("Capital Bank") as the defendant and alleges acts of wrongdoing by CommunityOne Bank, N.A. ("CommunityOne"), Capital

Bank's predecessor. CommunityOne merged into Capital Bank on October 26, 2016. A true and accurate copy of the CommunityOne/Capital Bank Articles of Merger is attached hereto as **Exhibit A**.

3. Several months prior to the filing of the complaint, Capital Bank merged into First Tennessee, effective November 30, 2017. A true and accurate copy of the Capital Bank/First Tennessee Articles of Merger is attached hereto as **Exhibit B**.

4. Pursuant to the First Tennessee Articles of Merger and N.C. Gen. Stat. § 55-11-06, Capital Bank no longer existed at the time the Plaintiffs filed their complaint. Therefore, First Tennessee is the correct defendant to the Plaintiffs' claims as the successor by merger to Capital Bank.

5. Accordingly, First Tennessee is entitled to notice the removal of this action as the real party defendant in interest. *See, e.g.*, *La Russo v. St. George's Univ. Sch. of Med.*, 747 F.3d 90, 96-97 (2d Cir. 2014).

## THE REMOVAL IS TIMELY

6. To the best of its knowledge, First Tennessee has not yet been served with the summons and complaint. Accordingly, First Tennessee's 30-day deadline to remove under 28 U.S.C. § 1446(b) has not yet begun to run. *See Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 347-48 (1999). Nonetheless, First Tennessee first obtained copies of the summons and complaint from the Iredell County Clerk of Court on April 26, 2018 and is filing this Notice of Removal within thirty 30 days of obtaining a copy of the complaint.

7. Removal is therefore timely under 28 U.S.C. § 1446(b).

## COMPLETE DIVERSITY OF CITIZENSHIP EXISTS

8. First Tennessee is a national banking association organized and existing under the laws of the United States, with its home office and principal place of business in Memphis, Tennessee. *See,* First Tennessee Articles of Merger, Exhibit B. Therefore, First Tennessee is a citizen of Tennessee under 28 U.S.C. § 1348. *See Wachovia Bank, N.A. v. Schmidt,* et al., 546 U.S. 303, 318 (2006).

9. Plaintiffs are citizens and residents of Burke County, North Carolina. *See* Compl. ¶¶ 1-2.

10. Therefore, there is complete diversity between the parties.

## THE AMOUNT-IN-CONTROVERSY REQUIREMENT IS MET

11. Although Plaintiffs' complaint does not specify the exact damages sought other than a generic allegation of "in excess of $10,000," Plaintiffs' complaint does allege that CommunityOne wrongfully induced Scott Carlton to pay off $169,800.00 in liens on real property and invest another $60,000 into repairs on the property, among other claimed losses. Compl. ¶ 62-66. Plaintiffs further request punitive damages and that their actual damages be trebled. Compl., Prayer for Relief ¶ 4. Therefore, the allegations of the complaint demonstrate that the amount in controversy is in excess of $75,000.00.

12. Additionally, Plaintiffs' claims in this action are also identical to the claims contained in a complaint the Plaintiffs previously filed in Iredell County Superior Court in an action entitled *Scott Carlton, Thomas Carlton and wife, Cindy Carlton v. CommunityOne Bank, N.A.*, case no. 16-CVS-542 ("Prior Action").[1] In the Prior Action, Scott Carlton served

---

[1] Plaintiffs voluntarily dismissed the Prior Action, without prejudice, on April 24, 2017.

responses to interrogatories in which he stated that the alleged wrongful acts of CommunityOne had caused damages well in excess of $2,000,000.00.

13. While Defendant strongly disputes that Plaintiffs are entitled to recover any damages, Plaintiffs' allegations in this complaint and the Prior Action make clear that the amount in controversy exceeds $75,000.00, exclusive of interest and costs. Therefore, the amount-in-controversy requirement of 28 U.S.C. § 1332 is met.

## **VENUE IS PROPER**

14. Removal to this Court's Statesville Division is proper under 28 U.S.C. § 1441(a), because the complaint was filed in Iredell County, North Carolina, which is within this Court's Statesville Division.

## **RESERVATION OF PROCESS-RELATED DEFENSES**

15. On April 27, 2018, the undersigned counsel offered to accept service of process of the summons and complaint to avoid unnecessary service expenses. The undersigned counsel followed up with Plaintiffs' counsel on May 2 and May 9. Although Plaintiffs' counsel has responded to the inquires, the Plaintiffs have apparently not yet authorized First Tennessee to accept service. First Tennessee is not aware of any other attempts by the Plaintiffs to serve the summons and complaint on First Tennessee. Therefore, as of the date this Notice of Removal is being filed, First Tennessee has not been served with copies of the summons and complaint.

16. At this time, First Tennessee does not intend to respond to the Plaintiffs' complaint until it has been properly served with process. Further, First Tennessee expressly reserves all defenses relating to insufficiency of process and insufficiency of service of process. *See, e.g.*, *Leach v. BB&T Corp.*, 232 F.R.D. 545, 551 (N.D.W. Va. 2005) (holding that removing

defendant does not waive defense of insufficient service of process, and defendant is not required to answer until served).

## PAPERS FROM REMOVED ACTION

17. Although First Tennessee has not been served with copies of the summons and complaint in this action, it is attaching as **Exhibit C** copies of the summons, complaint and civil action cover sheet that it obtained from the Iredell County Courthouse.

18. Pursuant to 28 U.S.C. § 1446(d), a true and accurate copy of this notice of removal will be filed with the Iredell County Superior Court and served on Plaintiffs. A copy of the state-court Notice of Filing of Defendant's Notice of Removal, prior to filing and service, is attached as **Exhibit D.**

WHEREFORE, First Tennessee requests that this action be removed to this Court and placed on this Court's docket for further proceedings and for such other and further relief as may be just and proper.

Respectfully submitted the 21st day of May, 2018.

                                      **POYNER SPRUILL LLP**

By:   s/ Thomas L. Ogburn III
       Thomas L. Ogburn III
       NC State Bar No. 23415
       togburn@poynerspruill.com

       /s John M. Durnovich
       John M. Durnovich
       N.C. State Bar No. 47715
       jdurnovich@poynerspruill.com
       301 S. College St., Suite 2900
       Charlotte, NC 28202
       Telephone: 704.342.5250
       Facsimile: 704.342.5264
       ATTORNEYS FOR FIRST
       TENNESSEE BANK NATIONAL
       ASSOCIATION

# CERTIFICATE OF SERVICE

      I hereby certify that I have this day served a copy of the foregoing *Notice of Removal* upon all parties by depositing a copy of the same in the United States mail, postage prepaid, addressed to the following:

      L. Charles Grimes, Esq.
      Law Office of L. Charles Grimes, PA
      P.O. Box 3911
      Mooresville, NC 28117
      charles@lcglegal.com
      ATTORNEYS FOR SCOTT CARLTON

      Ted Lewis Johnson, Esq.
      Attorney at Law
      P.O. Box 5272
      Greensboro, NC 27435
      tedlewisjohnson@tedlewisjohnson.com
      ATTORNEYS FOR THOMAS CARLTON
      AND CYNTHIA CARLTON

This the 21st day of May, 2018.

      s/Thomas L. Ogburn III
      Thomas L. Ogburn III
      NC State Bar No. 23415
      John M. Durnovich
      N.C. State Bar No. 47715
      Poyner Spruill LLP
      301 S. College St., Suite 2900
      Charlotte, NC 28202
      Telephone: 704.342.5250
      Facsimile: 704.342.5264
      togburn@poynerspruill.com
      jdurnovich@poynerspruill.com
      ATTORNEYS FOR FIRST TENNESSEE
      BANK NATIONAL ASSOCIATION