IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
CIVIL ACTION NO. 5:18-CV-083-RJC-DCK

| | |
|---|---|
| SCOTT CARLTON, THOMAS CARLTON, and CYNTHIA CARLTON, ) ) ) ) Plaintiffs, ) ) v. ) ) ) ) CAPITAL BANK CORPORATION f/k/a ) CommunityOne Bank, N.A., ) ) Defendant, ) ) FIRST TENNESSEE BANK NATIONAL ) ASSOCIATION, ) ) Movant. ) ) | ORDER AND MEMORANDUM AND RECOMMENDATION |

**THIS MATTER IS BEFORE THE COURT** on First Tennessee Bank National Association's "Motion To Dismiss" (Document No. 7). This motion has been referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. §636(b) and is now ripe for disposition. Having carefully considered the arguments, the record, and the applicable authority, the undersigned will direct Plaintiffs to file an "Amended Complaint" and recommend that the motion to dismiss be denied as moot.

**I. BACKGROUND**

Plaintiffs Scott Carlton, Thomas Carlton and Cynthia Carlton (together "Plaintiffs" or the "Carltons") initiated this action in Iredell County Superior Court with the filing of a "Complaint" (Document No. 1-3, p. 3) in Case No. 18-CVS-972, on April 20, 2018. The Complaint asserts a total of nineteen (19) claims against Capital Bank Corporation, including claims for: negligent

misrepresentation; breach of fiduciary duty; constructive fraud; fraud in the inducement/affirmative misrepresentation; punitive damages; unfair and deceptive trade practices; unjust enrichment/constructive trust; and breach of contract and separately breach of the covenant of good faith and fair dealing. (Document No. 1-3).

First Tennessee Bank National Association ("First Tennessee"), successor by merger to Capital Bank Corporation ("Capital Bank"), successor by merger to CommunityOne Bank, N.A. ("CommunityOne"), then filed a "Notice Of Removal" (Document No. 1) with this Court on May 21, 2018. First Tennessee notes that several months prior to the filing of the Complaint, Capital Bank merged into First Tennessee, effective November 30, 2017. (Document No. 1, p. 2; Document No. 1-2). First Tennessee contends that it is the correct Defendant as to Plaintiffs' claims as the successor by merger to Capital Bank. Id. First Tennessee observes that it is a citizen of Tennessee, and Plaintiffs are citizens and residents of Burke County, North Carolina, and therefore, there is complete diversity between the parties. (Document No. 1, p. 3).

Now pending before the Court is First Tennessee's "Motion To Dismiss" (Document No. 7) and "Memorandum Of Law In Support Of Motion To Dismiss" (Document No. 8) filed on August 7, 2018. First Tennessee seeks dismissal pursuant to Fed.R.Civ.P. 12(b)(6). (Document Nos. 7 and 8). On August 21, 2018, the undersigned allowed "Plaintiff's Consent Motion For Extension Of Time To Respond To Defendant's Motion To Dismiss" (Document No. 10), and also *sua sponte* allowed Plaintiff the alternative of filing an Amended Complaint.

Plaintiffs filed their "Memorandum Of Law In Opposition To Motion To Dismiss" (Document No. 13) on September 20, 2018. First Tennessee then filed its "Reply In Support Of Defendant's Motion To Dismiss" (Document No. 14) on September 27, 2018.

The pending motion has been fully briefed and is ripe for review and a recommendation to the Honorable Robert J. Conrad, Jr. See (Document Nos. 7, 8, 13, and 14).

## II. STANDARD OF REVIEW

A motion to dismiss pursuant to Fed.R.Civ.P. 12(b)(6) tests the "legal sufficiency of the complaint" but "does not resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses." Republican Party of N.C. v. Martin, 980 F.2d 943, 952 (4th Cir. 1992); Eastern Shore Markets, Inc. v. J.D. Assoc. Ltd. Partnership, 213 F.3d 175, 180 (4th Cir. 2000). A complaint attacked by a Rule 12(b)(6) motion to dismiss will survive if it contains "enough facts to state a claim to relief that is plausible on its face." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007)); see also, Robinson v. American Honda Motor Co., Inc., 551 F.3d 218, 222 (4th Cir. 2009). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 556 U.S. at 678. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Id.

The Supreme Court has also opined that

> Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief." Specific facts are not necessary; the statement need only "'give the defendant fair notice of what the ... claim is and the grounds upon which it rests.'" In addition, when ruling on a defendant's motion to dismiss, a judge must accept as true all of the factual allegations contained in the complaint.

Erickson v. Pardus, 551 U.S. 89, 93-94 (2007) (quoting Twombly, 550 U.S. at 555-56).

"Although for the purposes of this motion to dismiss we must take all the factual allegations in the complaint as true, we are not bound to accept as true a legal conclusion couched as a factual

3

allegation." Papasan v. Allain, 478 U.S. 265, 286 (1986). The court "should view the complaint in the light most favorable to the plaintiff." Mylan Labs, Inc. v. Matkar, 7 F.3d 1130, 1134 (4th Cir. 1993).

### III. DISCUSSION

**A. Factual Background**

Accepting Plaintiff's factual allegations as true, the undersigned largely adopts Defendant's summary of the facts as set forth below. See (Document No. 8, pp. 2-5).

Plaintiff Thomas Carlton and his business partners, Charles Caputo ("Caputo") and Steve McGlothlin ("McGlothlin"), were owners of Automotive Collision Experts, LLC ("ACE"). (Document No. 1-3, ¶ 15). On December 20, 2007, CommunityOne made a $4,200,000.00 commercial loan to ACE. Plaintiffs Thomas Carlton and Cynthia Carlton, as well as Caputo, McGlothlin, and the spouses of Caputo and McGlothlin signed personal guaranties securing that loan ("ACE Loan"). The ACE Loan was modified by agreement of the parties in January, May, and June of 2009. (Document No. 1-3, ¶¶ 17-18). In May 2012, CommunityOne filed suit against ACE, Thomas Carlton, Cynthia Carlton, and the other guarantors to collect the amounts owed under the ACE Loan ("Collection Action"). (Document No. 1-3, ¶ 26).

After CommunityOne filed the Collection Action, a representative of CommunityOne named Tanji Bradley ("Bradley") spoke with Caputo, McGlothlin, and Thomas Carlton to discuss a resolution of the Collection Action. Bradley told them she was their "advocate" with the Bank and would help them reach a resolution of the Collection Action. (Document No. 1-3, ¶¶ 28-29). Bradley is a licensed attorney in the state of North Carolina, although none of the Plaintiffs were aware that she was an attorney at any relevant time. (Document No. 1-3, ¶ 143).

4

On October 24, 2012, Bradley met with Thomas Carlton and his business partners, Caputo and McGlothlin, to discuss options for resolving the Collection Action. (Document No. 1-3, ¶ 31). Because Bradley indicated that she was their "advocate" with the bank and working on their "behalf," Thomas Carlton told Bradley details of his ongoing settlement negotiations with F&M Bank on an unrelated but "similarly sized" commercial loan. (Document No. 1-3, ¶ 33).

Thomas Carlton left the meeting believing that he had reached an oral agreement with CommunityOne to resolve the Collection Action. (Document No. 1-3, ¶¶ 35-37). Bradley was to prepare paperwork memorializing this settlement. (Document No. 1-3, ¶¶ 34-36).

Based on that understanding and statements made by Bradley, Thomas Carlton and Cynthia Carlton did not defend the Collection Action. (Document No. 1-3, ¶ 37). CommunityOne then obtained a default judgment against Thomas Carlton, Cynthia Carlton, and others on October 29, 2012 (the "Judgment"). (Document No. 1-3, ¶ 41). After CommunityOne obtained the Judgment, Bradley told Thomas Carlton that the Judgment was a formality, that a settlement would be forthcoming, and that she was his advocate in his dealings with CommunityOne. (Document No. 1-3, ¶ 42).

In the more-than-five years between the time that CommunityOne obtained the Judgment and the time that this action was filed, Bradley never provided the paperwork to memorialize the settlement but continued to tell Thomas Carlton that a settlement was in the works, and gathered financial information and copies of tax returns from Thomas Carlton and Cynthia Carlton. (Document No. 1-3, ¶¶ 43-47, 63, 65). Thomas Carlton also believed that Bradley was giving him advice on his negotiations with other creditors. (Document No. 1-3, ¶ 141).

Thomas Carlton operated a limited liability company named Beeka, LLC ("Beeka") for the purpose of operating family rental properties. (Document No. 1-3, ¶ 50). Some of the properties

5

were owned by Thomas Carlton and Cynthia Carlton, but the taxes were paid by Beeka. Id. Plaintiff Scott Carlton is Thomas Carlton's brother and was given an interest in Beeka on or about January 2, 2014, in part to secure money loaned to Thomas Carlton. (Document No. 1-3, ¶ 54). Scott Carlton was a 20-year customer of Bank of Granite, which was acquired by CommunityOne. (Document No. 1-3, ¶ 61). Scott Carlton does not allege that he was a party to the ACE Loan, the Collection Action, or the Judgment.

Based on the advice of his CPA and insurer, Thomas Carlton transferred two properties to Beeka after the Judgment was entered: 1429 Burkemont Avenue was transferred to Beeka in April 2013, and 212 Old Salem Road was transferred on March 13, 2015. (Document No. 1-3, ¶¶ 52, 59).

Scott Carlton overheard conversations between Thomas Carlton and Bradley regarding a settlement between Thomas Carlton and CommunityOne. (Document No. 1-3, ¶ 55). Based on his own independent customer relationship with CommunityOne, the conversations he overheard between Bradley and Thomas Carlton, and conversations he had with Thomas Carlton, Scott Carlton paid off the senior lenders on the Beeka properties in May 2015. (Document No. 1-3, ¶¶ 57, 61, 62).

Scott Carlton's payments to the senior lenders on the Beeka properties occurred over two and a half years after (1) CommunityOne obtained the Judgment against Thomas and Cynthia Carlton, and (2) CommunityOne "agree[d] to resolve" Thomas and Cynthia Carlton's obligations to CommunityOne under the ACE Loan. (Document No. 1-3, ¶¶ 41, 62). CommunityOne took action to collect on the Judgment by executing against the property owned by Beeka. (Document No. 1-3, ¶ 66).

Plaintiffs filed their original complaint on March 7, 2016, in the Superior Court of Iredell County, North Carolina, Case No. 16-CVS-542, seeking money damages against CommunityOne and an injunction enjoining CommunityOne from proceeding against the properties owned by Beeka. (Document No. 7-2).

On June 7, 2016, Defendant CommunityOne Bank filed a motion to dismiss fourteen (14) of nineteen (19) claims set forth in the original Complaint. (Document No. 7-3). Thus, there were five (5) claims that CommunityOne did not seek to dismiss and presumably would have been subject to discovery and additional motions practice. Id.

Pursuant to an "Amended Order" entered on July 13, 2016, the Honorable Joseph N. Crosswhite of the Superior Court of Iredell County dismissed four (4) of the claims: Claim 1 (negligent misrepresentation), Claim 4 (fraud in the inducement/affirmative misrepresentation), Claim 16 (ECOA), and Claim 17 (unauthorized practice of law). Id. Judge Crosswhite declined to dismiss ten (10) other claims CommunityOne had sought to dismiss; and he expressly declined to rule on "Plaintiffs' Motion to Amend the Complaint," stating that it "may be addressed at a later time, as necessary." Id.

Several months later, Plaintiffs voluntarily dismissed the remaining fifteen (15) claims, without prejudice, on April 24, 2017. (Document No. 7-4). Then, almost a year later, Plaintiffs re-filed their claims in Iredell County Superior Court, Case No. 18-CVS-972, on April 20, 2018, this time against Capital Bank. See (Document No. 1-3). The Complaint in the renewed action, Case No. 18-CVS-972, against Capital Bank asserts the exact same nineteen (19) claims brought in the first action, Case No. 16-CVS-542, against CommunityOne. Compare (Document No. 1-3 and 7-2).

As noted above, Defendant removed the renewed state court action to this Court on May 21, 2018. (Document No. 1).

**B. Motion To Dismiss**

First Tennessee presents extensive arguments for dismissal of all nineteen (19) of Plaintiffs' claims. See (Document No. 7-1; Document No. 8). Foremost among these arguments is the assertion that the four (4) claims already dismissed by Judge Crosswhite are barred by *res judicata*.[1] Id. In addition, First Tennessee contends that four (4) of Plaintiffs' claims should not be recognized as stand-alone claims; eight (8) claims fail as insufficiently pled fraud-based claims pursuant to Fed.R.Civ.P. 9(b); and *all* the claims are implausible under Twombly and Iqbal. Id.

The undersigned finds several of First Tennessee's arguments to be compelling. Id. However, the undersigned is reluctant to dismiss claims originally filed in state court, asserting purported state law violations, because they fail to satisfy the pleading requirements under federal law. In addition, it appears possible that some of Plaintiffs' claims might be viable after amendment, especially to the extent they raise factual questions that should be further developed through discovery.

Plaintiffs' "Memorandum Of Law In Opposition…" (Document 13) is not especially helpful. In part, it is not organized in a manner that corresponds with the arguments in First Tennessee's memorandum. (Document No. 13). Moreover, it appears that First Tennessee accurately asserts in its "Reply…" (Document No. 14) that Plaintiffs ignored or conceded multiple arguments. (Document No. 14, pp. 6-7). The undersigned finds that the instant Complaint (Document No. 1-3) filed in the Superior Court of Iredell County, *inter alia*: fails to name the proper Defendant; includes some improper "stand-alone" claims; asserts claims already decided

---

[1] First Tennessee does not directly address what, if any, consideration the Court should give to the fact that Judge Crosswhite apparently declined to dismiss ten (10) of the claims.

by Judge Crosswhite and thus barred by *res judicata;* and likely falls short in some instances of certain federal pleading standards.

Based on the foregoing, the undersigned is surprised that Plaintiffs declined the Court's initial invitation to file an amended complaint. See (Document No. 12). Now, after consideration of all the briefs, the undersigned is more persuaded that an amended complaint would greatly assist both the parties' and the Court's interests in reaching a fair and just outcome, as well as the interests of judicial economy and efficient case management.

As such, the undersigned will respectfully direct Plaintiffs to reconsider their viable claims in this action, confer with First Tennessee in a good faith attempt to resolve, or at least narrow, this dispute, and then, barring a full resolution, to file an Amended Complaint consistent with the above findings. Because the undersigned will direct Plaintiffs to file an Amended Complaint, the undersigned will recommend that the "Motion To Dismiss" be denied as moot, without prejudice to Defendant filing a renewed motion to dismiss at a later date.

It is well settled that a timely-filed amended pleading supersedes the original pleading, and that motions directed at superseded pleadings may be denied as moot. Young v. City of Mount Ranier, 238 F.3d 567, 573 (4th Cir. 2001) ("The general rule ... is that an amended pleading supersedes the original pleading, rendering the original pleading of no effect."); see also, Fawzy v. Wauquiez Boats SNC, 873 F.3d 451, 455 (4th Cir. 2017) ("Because a properly filed amended complaint supersedes the original one and becomes the operative complaint in the case, it renders the original complaint 'of no effect.'").

### IV. ORDER AND RECOMMENDATION

**IT IS, THEREFORE, ORDERED** that Plaintiffs shall file an Amended Complaint on or before **March 22, 2019**.

**BASED ON THE FOREGOING**, the undersigned respectfully recommends that First Tennessee's "Motion To Dismiss" (Document No. 7) be **DENIED AS MOOT**.

## V. TIME FOR OBJECTIONS

The parties are hereby advised that pursuant to 28 U.S.C. § 636(b)(1)(C), and Rule 72 of the Federal Rules of Civil Procedure, written objections to the proposed findings of fact, conclusions of law, and recommendation contained herein may be filed within **fourteen (14) days** of service of same. Responses to objections may be filed within fourteen (14) days after service of the objections. Fed.R.Civ.P. 72(b)(2). Failure to file objections to this Memorandum and Recommendation with the District Court constitutes a waiver of the right to *de novo* review by the District Court. Diamond v. Colonial Life, 416 F.3d 310, 315-16 (4th Cir. 2005). Moreover, failure to file timely objections will preclude the parties from raising such objections on appeal. Diamond, 416 F.3d at 316; Page v. Lee, 337 F.3d 411, 416 n.3 (4th Cir. 2003); Snyder v. Ridenhour, 889 F.2d 1363, 1365 (4th Cir. 1989); Thomas v. Arn, 474 U.S. 140, 147-48 (1985), reh'g denied, 474 U.S. 1111 (1986).

**IT IS SO RECOMMENDED**.

Signed: February 28, 2019

David C. Keesler
United States Magistrate Judge