UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
STATESIVLLE DIVISION
5:18-cv-00083-RJC-DCK

| | |
|---|---|
| SCOTT CARLTON, THOMAS CARLTON, ) <br> CYNTHIA CARLTON ) <br> ) <br> Plaintiffs, ) <br> ) <br> v. ) <br> ) <br> CAPITAL BANK CORPORATION f/k/a, ) <br> CommunityOne Bank, N.A., ) <br> ) <br> Defendant, ) <br> ) <br> FIRST TENNESSEE BANK NATIONAL ) <br> ASSOCIATION, ) <br> ) <br> Movant. | ORDER |

**THIS MATTER** comes before the Court on First Tennessee Bank National Association's Motion to Dismiss, (Doc. No. 7), and the parties' associated briefs and exhibits; and the Magistrate Judge's Memorandum and Recommendation ("M&R"), (Doc. No. 15), directing Plaintiffs to file an Amended Complaint and recommending that this Court deny the Motion to Dismiss as moot. The parties have not filed objections to the M&R, and the time for doing so has expired. Fed. R. Civ. P. 72(b)(2).

I.  BACKGROUND

No party has objected to the Magistrate Judge's statement of the factual and procedural background of this case. Therefore, the Court adopts the facts as set forth in the M&R.

1

## II. STANDARD OF REVIEW

A district court may assign dispositive pretrial matters, including motions to dismiss, to a magistrate judge for "proposed findings of fact and recommendations." 28 U.S.C. § 636(b)(1)(A) & (B). The Federal Magistrate Act provides that a district court "shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." Id. § 636(b)(1)(C); Fed. R. Civ. P. 72(b)(3). However, "when objections to strictly legal issues are raised and no factual issues are challenged, de novo review of the record may be dispensed with." Orpiano v. Johnson, 687 F.2d 44, 47 (4th Cir. 1982). De novo review is also not required "when a party makes general or conclusory objections that do not direct the court to a specific error in the magistrate judge's proposed findings and recommendations." Id. Similarly, when no objection is filed, "a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" Diamond v. Colonial Life & Acc. Ins. Co., 416 F.3d 310, 315 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72, advisory committee note).

## III. DISCUSSION

Under Rule 72(b) of the Federal Rules of Civil Procedure, a district court judge shall make a de novo determination of any portion of an M&R to which specific written objection has been made. A party's failure to make a timely objection is accepted as an agreement with the conclusions of the Magistrate Judge. See Thomas v. Arn, 474 U.S. 140, 149–50 (1985).

Here, there has been no objection to the M&R, and the time for doing so has passed. Moreover, the Court recently granted Plaintiffs' Unopposed Motion for Extension of Time to File An Amended Complaint. (Doc. Nos. 16, 17). It is well settled that a timely filed amended pleading supersedes the original pleading, and that motions directed at superseded pleadings may be denied as moot. Young v. City of Mount Ranier, 238 F.3d 567, 573 (4th Cir. 2001) ("The general rule . . . is that an amended pleading supersedes the original pleading, rendering the original pleading of no effect."); see also, Fawzy v. Wauquiez Boats SNC, 873 F.3d 451, 455 (4th Cir. 2017) ("Because a properly filed amended complaint supersedes the original one and becomes the operative complaint in the case, it renders the original complaint 'of no effect.'").

Accordingly, in light of the parties filing no objections and the Court recently granting Plaintiffs' Unopposed Motion for Extension of Time to File an Amended Complaint, (Doc. Nos. 16, 17), the Court finds the M&R in accordance with law and thus **ADOPTS** the M&R, (Doc. No. 15). The Court **DENIES as moot** First Tennessee Bank National Association's Motion to Dismiss, (Doc. No. 7).

**SO ORDERED.**

Signed: March 29, 2019

Robert J. Conrad, Jr.
United States District Judge